# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

United States of America,                              Case No. 3:08CR304

        Plaintiff,

        v.                                              **ORDER**

Juan Mondragon-Machado,

        Defendant.


Pending is a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). For reasons that are well taken, the government opposes the motion, which I deny.

Defendant pled guilty to Count 1 of an indictment charging him with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851. The charges arose from his involvement in bringing and distributing between 3,000 and 10,000 kilograms of marijuana into Northwest Ohio.

As a result of his conviction, the defendant received a statutory minimum term of 120 months. As the government's response (Doc. 599) points out, the defendant is not eligible for the retroactive reduction in his sentence under § 3582(c)(2) because his sentence was based not on his Guideline computation, but rather on the statutorily mandated minimum term.

Neither the Sentencing Commission nor this Court has authority to reduce, *via* Guideline amendments or otherwise, a sentence grounded in a Congressionally mandated minimum term. Nothing in Amendment 782, on which defendant bases his motion, allows for a reduction of a mandated minimum term. *See U.S. v. Bell*, 731 F.3d 552, 555 (6th Cir. 2013); *U.S. v. Johnson*, 564 F.3d 419, 423-24 (6th Cir. 2009).

In light of the foregoing, it is hereby

ORDERED THAT defendant's motion to reduce sentence (Doc. 596) be, and the same hereby is, denied.

An appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite costs.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge